```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------x
ERIC PIFKO,

                Plaintiff,              MEMORANDUM & ORDER
                                        09-CV-3057(JS)(WDW)
        -against-

CCB CREDIT SERVICES, INC.,

                Defendant.
--------------------------------x
ERIC PIFKO,

                Plaintiff,

        -against-

MERCANTILE ADJUSTMENT BUREAU, LLC.,

                Defendant.
--------------------------------x
NATHAN SPIRA,

                Plaintiff,

        -against-

MERCANTILE ADJUSTMENT BUREAU, LLC.,

                Defendant.
--------------------------------x
APPEARANCES:
For Plaintiffs:    Adam J. Fishbein, Esq.
                   483 Chestnut Street
                   Cedarhurst, New York 11516

For Defendants:    Barry Jacobs, Esq.
                   Shari D Sckolnick, Esq.
                   Abrams, Gorelick, Friedman & Jacobson, P.C.
                   One Battery Park Plaza, Fourth Floor
                   New York, New York 10004
```

SEYBERT, District Judge:

Plaintiff Eric Pifko ("Pifko") commenced an action on July 16, 2009, alleging that Defendant, CCB Credit Services, Inc. ("CCB") violated the Fair Debt Collection Practice Act, 15 U.S.C § 1692 ("FDCPA"), specifically §§ 1692e(10) and 1692g. (Pifko v. CCB, 09-CV-3057.) Pifko next commenced an action against Defendant, Mercantile Adjustment Bureau, LLC, ("MAB") on September 30, 2009, alleging similar violations of the FDCPA. (Pifko v. MAB, 09-CV-4216.) Plaintiff Nathan Spira ("Spira") commenced an action against MAB on September 20, 2009, alleging similar FDCPA violations. (Spira v. MAB, 09-CV-3422.) Plaintiffs commenced two other actions against two other defendants, but those cases were later discontinued. On November 30, 2009, this Court consolidated the three actions Pifko v. CCB, Spira v. MAB, and Pifko v. MAB.

Presently, there are several motions before the Court. On November 26, 2009, Pifko filed a Motion for Judgment on the Pleadings in Pifko v. CCB. Pifko and CCB cross-moved for Judgment on the Pleadings on December 14, 2009 for all three matters, Pifko v. CCB, Spira v. MAB, and Pifko v. MAB. Pifko cross-moved seeking to amend the Complaint in Pifko v. MAB on December 29, 2009. For the reasons set forth herein, Pifko's Motion for Judgment on the Pleadings is DENIED for Pifko v. CCB. CCB's Cross-Motion for Judgment on the Pleadings is GRANTED.

2

MAB's Cross-Motion for Judgment on the Pleadings is GRANTED for Spira v. MAB. MAB's Cross-Motion for Judgment on the Pleadings is GRANTED in part and DENIED in part for Pifko v. MAB. Additionally, Pifko's Cross-Motion for Leave to Amend the Complaint is DENIED in part and GRANTED in part for Pifko v. MAB. Pifko may proceed with his claim against MAB for the alleged telephone message and for violations of §§ 1692e(11) and 1692e(10).

BACKGROUND[1]

Pifko received an initial collection letter from CCB, dated February 2, 2009, seeking to collect a balance allegedly owed to HSBC Bank. (Pifko v. CCB Compl. ¶ 10.) Pifko claims that the letter failed to accurately set forth the amount of the debt and failed to set forth that the balance could increase over time. CCB sent another letter to Pifko dated March 25, 2009, stating the balance of the debt as $4207.03. (Id. ¶ 14-15.) Pifko contends this increased amount reflects normal and customary increases in a revolving credit card balance. He claims the February 2, 2009 letter violates the FDCPA, sections 1692e(10) and 1692g. (Id.)

Pifko also received an initial collection letter from Main Street Acquisitions Corp., dated February 2, 2009, seeking

---

[1] For the purposes of deciding CCB and MAB's Cross-Motion for Judgment on the Pleadings and Pifko Cross-Motion for Leave to Amend the Complaint, all facts are taken from the Complaint, and presumed to be true.

3

to collect the same debt as CCB. This letter sets forth an amount owed of $4,056.12. (Pifko v. MAB Compl. ¶ 1.2-1.5.) Pifko later received a letter from a second collection agency dated March 25, 2009, which stated the amount owed as $4207.03. MAB then sent a letter to Pifko, dated July 20, 2009, which set forth the total balance as $4336.09. (Id. ¶ 1.6-1.11.) This last balance was higher than the prior two letters from other collection agencies. Pifko asserts that the increased amount is due to interest or other charges, and that the letter failed to set forth that the amount may increase due to interest or other charges. Pifko claims this July 20, 2009 letter violates FDCPA sections 1692e(10) and 1692g.

Pifko also alleges that a debt collector named Steven Donaldson called him on behalf of MAB "on or about the latter two weeks of July on a Tuesday, at or about 4:54 p.m." (Pifko v. MAB Compl. ¶ 1.16.) Pifko alleges that the debt collector left a message on his answering machine and failed to disclose that the message was from a debt collector. (Id.) Plaintiff's proposed amended Complaint contains a purported transcript of the alleged message, wherein the caller identifies himself as calling from the MAB's office, but fails to disclose that he is attempting to collect a debt. (Pifko v. MAB Proposed Am. Compl. ¶ 1.17.) Plaintiff contends this is in violation of FDCPA sections 1692e(11) and 1692e(10).

Spira received an initial collection letter from MAB dated February 12, 2009. (Spira v. MAB Compl. ¶ 10.) The letter set forth the amount of the debt at $9044.52 and failed to explain that the balance could increase over time. Plaintiff alleges that the letter failed to accurately set forth the amount of the debt. Spira received a further letter from MAB dated May 8, 2009. That letter set forth the balance as $9399.41. The parties now acknowledge that the $354.80 increase was due to interest and other charges. Spira claims the balance suggests normal and customary increases in a revolving credit card balance. Spira alleges defendant had a duty to set forth language in the initial letter that the amount of the debt is subject to increases and that the Defendant failed to include such language. (Id. ¶ 14-20.) Spira alleges this is a violation of FDCPA sections 1692e(10) and §1692g. (Id.)

DISCUSSION

I. Pifko, CCB, and MAB's Motions for Judgment on the Pleadings

A. Standard of Review Under Rule 12(c)

Rule 12(c) of the Federal Rules of Civil Procedure allows for either party to move for judgment on the pleadings, "after the pleadings are closed but within such time as not to delay the trial." FED. R. CIV. P. 12(c). This is similar to a Rule 12(b)(6) motion to dismiss for failure to state a claim, except that a Rule 12(b)(6) motion comes before the close of

pleadings. See FED. R. CIV. P. 12(b)(6). In either case, the Court applies the same standard. Irish Lesbian & Gay Org. v. Guiliani, 143 F. 3d 638, 644 (2d Cir. 1998).

For both 12(b)(6) and 12(c) motions, the district court must accept the factual allegations contained in the complaint as true and draw all reasonable inferences in favor of the non-moving party. Id. The factual allegations contained in the complaint must satisfy a flexible plausibility standard, which obliges a pleader to amplify a claim with enough factual allegations to render the claim plausible. Iqbal v. Hasty, 490 F.3d 143, 157-58 (2d Cir. 2007). In other words, plaintiff's complaint must raise a right to relief above the speculative level. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 1965 (2007). For the purpose of Rules 12(c) and 12(b), the complaint includes any written instrument attached to it or any statements or documents incorporated in it by reference, as well as any document on which the complaint relies heavily. Chambers v. Time Warner, Inc., 282 F.3d 147, 152-53 (2d Cir. 2002).

B. Lease Sophisticated Consumer Test

Congress enacted the FDCPA to eradicate abusive debt collection practices by debt collectors. See Russell v. Equifax, 74 F.3d 30, 33 (2d Cir. 1996). To further this purpose, the FDCPA grants a private right of action to consumers

6

who receive communications that violates the Act. 15 U.S.C. § 1692k. In the Second Circuit, courts use the "least sophisticated consumer" test, in determining whether debt collection letters are deceptive or misleading, and therefore, violate the FDCPA. Clomon v. Jackson, 988 F.2d 1314, 1318-19 (2d Cir. 1993). The purpose of this standard is to "ensure that the FDCPA protects all consumers, the gullible as well as the shrewd." Id. at 1318. The test also serves the dual purpose of protecting all consumers while also "protect[ing] debt collectors against liability for bizarre or idiosyncratic interpretations of collection notices." Id. at 1320.

   C.   Section 1692g Analysis

Section 1692g of the FDCPA requires that debt collectors, in their initial communication with the consumer, list, inter alia, the amount of the debt and the name of the creditor to whom the debt is owed. 15 U.S.C. § 1692(g). Debt collectors must state the amount of the debt, without adding language that may overshadow or contradict other language informing the consumer of her rights. Russell, 74 F.3d at 34. For example, in Kolganov v. Phillips & Cohen Assocs., a debt collection letter referenced a 1-800 number for the consumer to call to obtain the latest information about on-going charges that were increasing the debt. No. 02-CV-3710, 2004 WL 958028, at *3 (E.D.N.Y. April 8, 2004). The Court held that the

7

additional language violated Section 1692g.  Id.  In similar cases, courts have held that additional language about further increases and charges in the debt collection letters misled consumers about the amount owed. See Miller v. McCalla, Raymer, Padrick, Cobb, Nichols, & Clark, 214 F.3d 872, 875 (7th Cir. 2000); McDowall v. Leschack & Grodensky, 279 F. Supp. 2d 197, 199-200 (S.D.N.Y. 2003); see also Weiss v. Zwicker & Assocs., 664 F. Supp. 2d 214, 217 (E.D.N.Y. 2009) ("[T]here is nothing confusing or misleading about the increased amount of debt stated in the . . . [l]etter as even the most unsophisticated consumer would understand that credit card debt accrues interest.").

Here, unlike the aforementioned cases, the debt collection letters contain no additional language that could mislead or confuse Plaintiffs about the amount due.  CCB's and MAB's letters clearly indicate "Total Amount Due" or "Total Balance Due".  (Pifko v. CCB, February 2, 2009 letter, DE: 18; Pifko v. MAB, July 20, 2009 letter, DE: 24; Spira v. MAB February 12, 2009 letter, DE: 24; Spira v. MAB May 8, 2009 letter, DE: 24.)  Oddly, Pifko and Spira contend that the debt collection letters' omission of additional language gives rise to the Section 1692g violation.  These arguments, however, are based on clear misinterpretations of the FDCPA's requirements and this Circuit's case law.  There is no authority for the

proposition that a debt collector must explain why a consumer's debt has increased. Weiss, 664 F. Supp. 2d at 217. On the contrary, including such additional language may violate the FDCPA.

CCB and MAB only had a duty to clearly state the amount of debt due, and they fulfilled that duty. Accordingly, Plaintiffs claims under section 1692g are DISMISSED.

D. Section 1692e(10) Analysis

Section 1692e generally proscribes the use of "false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. §1692e. This section also provides a non-exhaustive list of practices that fall within this ban. Subsection 1692e(10) outlaws the use of false representations or deceptive means to attempt to collect a debt or to obtain any information concerning a consumer. Id. § 1692e(10).

A debt collection letter can be deceptive within the meaning of section 1692e(10) if: (1) the terminology used is vague or uncertain, Pipiles v. Credit Bureau of Lockport, Inc., 886 F.2d 22, 25 (2d Cir. 1989); or (2) it can reasonably be read to have at least two different meanings, one of which is inaccurate. See Cloman, 988 F.2d at 1319; Russell, 74 F.3d at 35. For instance, the use of an attorney's letterhead in debt collection notices violates section 1692e(10) if the attorney is

9

not involved in the debt collection, because the letterhead can give the consumer the impression that the letters were communications from an attorney. See Cloman, 988 F.2d at 1219.

Here, Pifko and Spira argue that CCB's and MAB's debt collection letters violate Section 1692e(10) because they failed to state that the debt could increase over time. This argument fails for a number of reasons. First, unlike the language in Pipiles, CCB's and MAB's language was not vague or uncertain. In each letter, CCB and MAB clearly stated the total amount due or the total balance due. (Pifko v. CCB, February 2, 2009 letter, DE: 18; Pifko v. MAB, July 20, 2009 letter, DE: 24; Spira v. MAB February 12, 2009 letter, DE: 24; Spira v. MAB May 8, 2009 letter, DE: 24.) Additionally, the letters' meanings are not ambiguous; they clearly state the total amount owed, without any additional language that would imply a different meaning, even for the least sophisticated consumer. Second, unlike the letters in Cloman, the letters in the case at hand do not falsely imply the involvement of an attorney in the debt collection process. Third and finally, as discussed above, debt collectors have no obligation to clarify why a consumer's debt has increased or warn a consumer that his debt may increase over time. Weiss, 664 F. Supp. 2d at 217. Therefore, CCB and MAB did not make a false representation or engage in deceptive practices by failing to disclose to Plaintiffs that the total

amount of debt was subject to increases. Accordingly, Plaintiffs claims under section 1692e(10) are DISMISSED.

II. Pifko's Motion to Amend for Pifko v. MAB

    A. Standard of Review Under Rule 15(a)

According to Rule 15(a) of the Federal Rules of Civil Procedure, a plaintiff may amend its complaint once as a matter of right prior to the filing defendant's responsive pleading. FED. R. CIV. P. 15(a). But "in all other cases, a party may amend its pleading only with . . . the court's leave." FED. R. CIV. P. 15(a)(2). Generally, courts should freely give leave when justice so requires. Courts may deny leave to amend, however, when the non-moving party can show "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment . . . ." Foman v. Davis, 371 U.S. 178, 182, 883 S. Ct. 227, 9 L. Ed. 2d 222 (1962); Hayden v. County of Nassau, 180 F.3d 42, 53 (2d Cir. 1999). Mere delay in amending the pleadings, without a showing of these factors by the non-moving party, cannot provide a basis for denying the right to amend. State Teachers Retirement Bd. v. Fluor Corp., 654 F. 2d 843, 856 (2d Cir. 1981).

B.  Application

    1.  Collection Letter

Pifko first seeks to amend the Complaint in Pifko v. MAB by modifying several typographical errors in the original Complaint and alleging that the debt-collection letter sent by MAB violated sections 1692e(2)(A) and 1692e(10).[2]  (Pifko v. MAB Proposed Am. Compl. ¶ 1.11-1.15.)  MAB does not contend that Pifko's Motion to amend is made after undue delay, in bad faith, after repeated failure to cure deficiencies by amendments previously allowed, or would cause undue prejudice.  Instead, MAB only opposes Plaintiff's motion on the grounds that amendment would be futile.  (Pifko v. MAB Mem. of Law in Opp'n of Pl.'s Mot. to Amend Compl. 10.)  A proposed amendment is futile if "a proposed claim could not withstand a motion to dismiss under Rule 12(b)(6)."  Dougherty v. Town of North Hempstead Bd. Of Zoning Appeals, 282 F. 3d 83, 88 (2d Circ.

---

[2] Pifko's proposed Amended Complaint also references this matter as a class action suit. (Pifko v. MAB Proposed Am. Compl. ¶ 1.21-1.27.)  In Huntley v. Law Office of Richard Clark, PLLC., 08-CV-4145, the Court denied plaintiff's motion for class certification because the plaintiff had not shown evidence of numerosity required for a class action.  Rule 23 of the Federal Rules requires the plaintiff to show the putative class is so numerous that joinder of all members is impracticable. FED. R. CIV. P. 23(a).  The Court in Huntley held that there was no evidence to suggest that other consumers received similar phone calls from the defendant debt collector.  Similarly, in the case at hand, there is no evidence of numerosity of plaintiffs.  Pifko speculates that other consumers must have received similar letters and telephone messages from MAB regarding debt collection.  However, as the Court held in Huntley, this speculation cannot meet the numerosity requirement needed for class certification.

2002) (quoting Ricciuti v. N.Y.C. Transit Auth., 941 F. 2d 119, 123 (2d Cir. 1991)).

    a.    Section 1692e(2)(A) Analysis

Section 1692e(2)(A) prohibits the false representation of the character, amount, or legal status of any debt. 15 U.S.C. 1692e(2)(A). However, when a debt collection letter clearly and correctly states the amount due, the debt collector has falsely represented the character, amount, or legal status of that debt and has not violated Section 1692e(2)(A). Sanchez v. United Collection Bureau, Inc., 649 F. Supp. 2d 1374, 1380 (N.D. Ga. 2009). Furthermore, district courts have held that "it is an essential element of Plaintiff's case to show that [Defendant] misrepresented the amount of the debt. Id. at 1379.

Here, Pifko's proposed Amended Complaint alleges that MAB's debt collection letter violates Section 1692e(2)(A) because it fails to set forth that the debt may increase due to interest or other charges. (Pifko v. MAB Proposed Am. Compl. ¶ 1.14-1.15.) Yet Pifko does not allege that the total amount of debt in the letter was a misrepresentation. Thus, Pifko does not state a valid Section 1692e(2)(A) claim. See Sanchez, 649 F. Supp. 2d at 1380.

    b.    Section 1692e(10) Analysis

Pifko's Amended Complaint also purports to plead a Section 1692e(10) claim. But this amended claim fails for the

13

same reasons the original claim fails; namely, the collection letters are not false or deceptive because they fail to warn the consumer that the debt is subject to increases.

Accordingly, all of Pifko's claims based on the collection letters remain DISMISSED and his motion to amend any claims stemming from the letters is DENIED as futile.

### 2. Telephone Message

Pifko seeks leave to amend the Complaint in Pifko v. MAB to include the text of the voice message allegedly left by MAB, which he claims violates Sections 1692e(10) and 1692e(11. (Pifko v. MAB, Proposed Am. Compl. 1.16-1.17.) MAB does not oppose Pifko's proposed amendment on this issue. (Pifko v. MAB, Mem. of Law in Opp'n to Pl.'s Mot. to Amend the Compl. 11.)

Pifko's allegations concerning the telephone message, if true, suffice to state a claim under Sections 1692e(10) and 1692e(11). Section 1692e(11) of the FDCPA requires that debt collectors disclose that they are debt collectors seeking to collect on a debt during their initial communication with the consumer, whether it is written or oral. 15 U.S.C. § 1692e(11). Messages left on consumers' answering machines or in his or her voicemail by debt collectors qualify as a "communications" under the FDCPA. See Foti v. NCO Fin. Sys., 424 F. Supp. 2d 643, 654 (S.D.N.Y. 2006); Costa v Nat'l Action Fin. Serv., 634 F. Supp. 2d 1069, 1974 (E.D. Cal. 2007); Edwards v. Niagara Credit

Solutions, 586 F. Supp. 2d 1346 (N.D. Ga. 2008). Furthermore, messages left on consumers' answering machines that fail to disclose that the speaker is a debt collector seeking to collect a debt have been found to be in violation of section 1692e(11). Foti, 424 F. Supp. 2d at 667-69; Anchondo v. Anderson Crenshaw & Assoc's., 583 F. Supp. 2d 1278 (D.N.M. 2008).

Here, the debt collector allegedly introduces himself as calling from MAB and states, "[w]e've been retained to contact you or your authorized representative in this case." (Pifko v. MAB, Proposed Am. Compl. ¶ 1.17.) Taking the facts alleged as true and interpreting them in a light most favorable to Pifko, the Court finds that the telephone message could violate section 1692e(11) because MAB's employee failed to identify himself as a debt collector seeking to collect a debt. Pifko has shown a set of facts that, if true, would entitle him to relief from MAB for violating section 1692e(11).

## CONCLUSION

For the foregoing reasons, CCB's Cross-Motion for Judgment on the Pleadings is GRANTED, and all claims by Pifko against CCB are DISMISSED. MAB's Cross-Motion for Judgment on the Pleadings against Spira is GRANTED, and all of Spira's claims against MAB are DISMISSED. Finally, MAB's Cross-Motion for Judgment on the Pleadings against Pifko is GRANTED in part and DENIED in part. Pifko is GRANTED leave to amend the

15

telephone message section of the Complaint and may proceed against MAB only under the theory that the alleged telephone message left by MAB's employee violated Sections 1692e(10) and 1692e(11) of the FDCPA. The Clerk of the Court is directed to update the docket sheet accordingly.

                                        SO ORDERED

                                        /s/ JOANNA SEYBERT_____
                                        Joanna Seybert, U.S.D.J.

Dated:    July 7, 2010
           Central Islip, New York